1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID W. WILSON,                          Case No.  1:25-cv-00344-HBK (PC)

12              Plaintiff,                      ORDER TO RANDOMLY ASSIGN CASE TO
                                                A DISTRICT JUDGE
13        v.
                                                FINDINGS AND RECOMMENDATIONS TO
14   ANU BANFERJEE, X-CHIEF EXECU.              DENY PLAINTIFF'S MOTION TO
     OFFICER, et. al.,                          PROCEED *IN FORMA PAUPERIS* UNDER 28
15                                              U.S.C. § 1915 (g)[1]
              Defendants.
16                                              FOURTEEN-DAY OBJECTION PERIOD

17                                              (Doc. No. 2)

18

19        Plaintiff David W. Wilson, a state prisoner currently confined at the California Substance

20   Abuse Treatment Facility ("SATF"), operated by the California Department of Corrections and

21   Rehabilitation ("CDCR"), initiated this action by filing a pro se civil rights complaint pursuant to

22   42 U.S.C. § 1983 on March 24, 2025.  (Doc. No. 1, "Complaint").  On the same day, Plaintiff

23   filed an application to proceed *in forma pauperis* ("IFP").  (Doc. No. 2).  The undersigned

24   recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because

25   Plaintiff has had at least three actions or appeals that constitute strikes and the Complaint does not

26   establish that Plaintiff meets the imminent danger exception.

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2023).

1    **BACKGROUND AND FACTS**

2        Plaintiff initiated this action by filing a civil rights complaint that was signed on March

3    22, 2025.  (Doc. No. 1 at 20).  The Complaint lists the following defendants: Anu Banerjee,

4    former Chief Executive Officer; Oscar Galloway, Chief Executive Officer; Gloria Garcia; Raul

5    Morales, SATF Warden; S. Gates, Chief Health Care Correspondence Appeals Branch; Joseph

6    Bick Director of Health Care Services; Jennifer Barnetty, Director of Policy and Administrative

7    Health Care Services; and Jeff McComber, CDCR Secretary.  (*Id*. at 2-3).  The Complaint

8    outlines six causes of action: (1) violation of the Eighth Amendment for failure to protect; (2)

9    violation of Title VII Civil Rights for employment discrimination; (3) deliberate indifference; (4)

10   violation of the Fourteenth Amendment Equal Protection; (5) violations of state law; and (6)

11   failure to supervise.  (*Id*. at 15-17).

12       Plaintiff contends that SATF exposed African American inmates, including himself, to

13   Valley Fever, a potentially fatal disease prevalent in the region, despite documented susceptibility

14   among African Americans.  (*Id*. at 4, 12).  Plaintiff alleges that inmates were not informed about

15   risks or given the opportunity to waive medical restrictions regarding their housing in high-risk

16   areas, in violation of California regulations and previous court orders.  (*Id*. at 4, 12, 16-17).

17       The Complaint also alleges discriminatory practices under Title VII, asserting that

18   SATF's staff composition—approximately 90% Hispanic—has resulted in implicit bias and

19   discrimination against African American inmates in classification decisions and employment

20   opportunities.  (*Id*. at 4, 10-12, 16-17).  Plaintiff claims that this discrimination has influenced

21   housing placements, perpetuating exposure to hazardous conditions. (*Id*. at 13).  Plaintiff seeks

22   injunctive relief, compensatory damages, and punitive damages.  (*Id*. at 7, 18-19).

23   **MOTION TO PROCEED IFP**

24       All parties instituting any civil action, suit or proceeding in any district court of the United

25   States, except an application for writ of habeas corpus, must pay a filing fee of $405.00.  *See* 28

26   U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay this filing fee only if the

27   party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See*

28   *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176,

2

1177 (9th Cir. 1999).

## A. Applicable Three Strikes Law

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation.  *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (citations omitted)).  Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim.  *Id.*; *see also Andrews*, 493 F.2d at 1052.

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case.  *See* § 1915(g).  The reviewing court then looks to the basis of prior dismissals.  *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).  A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons.  *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal).  It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g).  *Lomax,* 140 S. Ct. at 1727.  When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g).  *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner

"faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews*, 493 F.3d at 1051-52 (addressing imminent danger exception for the first time in the Ninth Circuit).  The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible.  *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

To avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint."  *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test).  "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury."  *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted).  The three-strikes litigant must meet both requirements of the nexus test to proceed.  *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous."  *Andrews*, 493 F.3d at 1057, fn. 11.  Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient.  *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  Thus, conditions that posed imminent danger to a plaintiff at some earlier time are immaterial, as are any subsequent conditions.  *Andrews*, 493 F.3d at 1053; *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

**B.  Plaintiff Has Three or More Qualifying Strikes.**

Plaintiff states in his Complaint that he has filed "57" other lawsuits in federal court. (Doc. No. 1 at 2).  A review of the PACER Database further corroborates that Plaintiff has filed over fifty civil actions or appeals in a court of the United States.[2]  The Court takes judicial notice that Plaintiff has incurred at least three strikes prior to filing the instant action:

---

[2] https://pacer.uscourts.gov.

- *Wilson v. Tilton*, Case No. 2:06-CV-01031-LKK-PAN (E.D. Cal. Sept. 12, 2006) (dismissed for failure to state a claim) (Doc. No. 9);

- *Wilson v. Schwartz*, Case No. 2:05-CV-01649-GEB-CMK (E.D. Cal Oct. 31, 2006) (dismissed for failure to state a claim) (Doc. No. 26);

- *Wilson v. Dovey*, Case No. 2:06-cv-01032-FD-EFB (E.D. Cal. Mar. 8, 2007) (dismissed for failure to state a claim) (Doc. No. 13); and

- *Wilson v. Veal*, Case No. 2:06-cv-00067-FCD-KJM (E.D. Cal. Jun. 4, 2007) (dismissed for failure to state a claim) (Doc. No. 11).

Additionally, the Court also may take judicial notice of *Wilson v. California State Prison Corcoran*, Case No. 1:18-cv-00424, in which district court denied Plaintiff *in forma pauperis* status noting that that Plaintiff had at least three "strikes" prior to filing the action and dismissing the action on January 23, 2019 after Plaintiff failed to pay the filing fee.  (Doc. No. 10).  On appeal, the Ninth Circuit also denied Plaintiff's motion to proceed *in forma pauperis* "because appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and appellant has not alleged imminent danger of serious physical injury." 9th Cir., Case No. 19- 15237, (Doc. No. 7).

**C.  The Imminent Danger Exception Does Not Apply**

Because Plaintiff has been deemed a three-striker, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury on the date the Complaint is filed.  *Andrews*, 493 F.3d at 1052-53.  Liberally construing the Complaint, the undersigned finds that it contains no plausible allegations sufficient to allege Plaintiff faced imminent danger of serious physical injury at the time he filed the action.

Plaintiff's vague and conclusory allegations regarding the risk of contracting Valley Fever do not fall within the scope of the imminent danger exception.  *See Stine v. Fed. Bureau of Prisons*, No. 1:13-CV-1883 AWI-MJS, 2015 WL 5255377, at *6 (E.D. Cal. Sept. 9, 2015) ("[o]verly speculative and fanciful allegations do not plausibly show imminent danger") (citing *Andrews*, 493 F.3d at 1057 n. 11); *see also Taylor v. Carter*, No. 1:13-CV-1155 SAB, 2014 WL 11774845, at *1 (E.D. Cal. Sept. 4, 2014) (denying motion for reconsideration on imminent

danger exception where plaintiff alleged exposure to Valley Fever).  Moreover, even if the Plaintiff had contracted Valley Fever, there is no indication that he is currently suffering from any illness.  (*See generally* Doc. No. 1).  Consequently, there are no allegations that from which the Court can find any basis that Plaintiff is currently under threat of imminent physical danger to invoke the § 1915(g) exception.

Based on the foregoing, because there are no factual allegations from which the Court can infer that Plaintiff is currently under threat of imminent physical danger sufficient to invoke the § 1915(g) exception, the undersigned recommends Plaintiff's IFP motion be denied under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

Accordingly, it is hereby **ORDERED**:

The Clerk of Court shall randomly assign this case to a district judge for consideration of these Findings and Recommendations.

It is further **RECOMMENDED**:

1.  Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

2.  Plaintiff be directed to pay the $405.00 filing fee in full, absent which the Court dismiss this action without prejudice.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

the District Judge when reviewing these Findings and Recommendations under 28 U.S.C.

§ 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


Dated:   <u>March 27, 2025</u>

                                           HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE